United States District Court
Southern District of Texas
**ENTERED**
August 10, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN COREY BROWN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-16-0350 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas case challenging a prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 15), serving a copy on petitioner at his address of record. Despite expiration of a reasonable period of time in excess of fifty-five days, petitioner has failed to respond to the motion for summary judgment, and the motion is deemed uncontested.

Based on the Court's consideration of the motion, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

### I. Background and Claims

Petitioner was found guilty of a disciplinary charge of attempting to establish an inappropriate relationship with a staff member under disciplinary case #20160098099. He was punished with loss of recreation and commissary privileges, extra duty hours, reduction

in line class status, and loss of fifteen days' accrued good time credit. His administrative appeals were denied. The parties do not dispute that petitioner is eligible for mandatory supervised release.

Petitioner raises the following challenges to his disciplinary conviction:

1. He was interrogated without counsel in violation of the Fifth and Fourteenth Amendments.

2. There was insufficient evidence to support the guilty finding.

3. He was denied witnesses by the Disciplinary Hearing Officer and his counsel substitute.

4. He was improperly placed in pre-hearing detention, he was denied a timely hearing, he was placed in segregation, and no physical examination was given.

Respondent argues that these claims should be dismissed as unexhausted and procedurally barred, not cognizable, and/or lacking in merit.

## II. Failure to Exhaust

A Texas state inmate challenging a prison disciplinary conviction is required to exhaust all available administrative remedies before filing a habeas petition in federal court. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir.1978); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993). In order to satisfy the exhaustion requirement in the context of a prison disciplinary proceeding, a prisoner must pursue the internal grievance procedures promulgated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"). TDCJ-CID currently has a two-step grievance procedure, and a

prisoner must present his claims in both steps before they are exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Habeas relief may be denied, but not granted, on the merits of unexhausted claims. 28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276–78 (5th Cir. 1999).

A review of petitioner's step 1 and step 2 grievances regarding disciplinary case #20160098099 show that he failed to present all of his claims in both of the grievances. As regards his first habeas claim (complaining of lack of counsel during his interrogation), petitioner failed to present the issue in either of his grievance steps. Moreover, he presented his second habeas claim (regarding insufficiency of the evidence) in his step 1 grievance but not in his step 2 grievance. Accordingly, petitioner's first and second habeas claims are unexhausted. Petitioner further claims that he was not allowed to call Officer Johnson as a witness during the hearing; however, no mention is made of this denial in either one of petitioner's grievances. Because petitioner cannot at this late juncture present these claims to prison administrators, the claims are also procedurally defaulted and barred from consideration by the Court. Petitioner demonstrates neither adequate cause or actual prejudice resulting from his default, and the claims must be dismissed. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000).

Respondent is entitled to summary judgment dismissal of petitioner's first and second federal habeas grounds.

### III. Denial of Witness

In general, prison disciplinary proceedings do not form part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Due process requires that a prisoner be provided with: (1) advanced written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563–67. Because petitioner lost good time credit and is eligible for mandatory supervised release, the Court must examine the due process issues raised by petitioner. *See Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000).

Petitioner was charged with "attempting to establish an inappropriate relationship with a staff member," specifically, with staff member Officer R. Garcia. The charging officer stated that petitioner had been observed carrying on a twenty-minute conversation with Garcia while he was on duty working as a prison janitor. These types of communications between prisoners and prison employees are prohibited because they have "the potential to jeopardize the security of the agency or compromise the effectiveness of the employee[.]" DHR at 3. Petitioner states that during the hearing he requested the Disciplinary Hearing Officer ("DHO") to call Garcia as a witness, but that the request was denied. Petitioner

argues that this violated his due process rights because Garcia would have testified that "nothing happened" and he would have been exonerated.

The disciplinary records show that Garcia did not testify at the hearing, but that her written statement was admitted into evidence. In her statement, Garcia said that petitioner had talked to her about his family and wished her a happy Thanksgiving. DHR at 3. Petitioner presents no probative summary judgment evidence of any additional or favorable evidence Garcia would have provided had she been called to the hearing.

Even though *Wolff* requires an opportunity to call witnesses, a prisoner's right to do so is far from absolute. *Wolff*, 418 U.S. at 566. As the Supreme Court stated, the right shall be allowed in context of a disciplinary hearing

> when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution.

*Id.* The right of confrontation and cross-examination is necessarily placed "on a different footing" in a prison disciplinary hearing due to the inherent dangers and greater hazards presented to the prison system. *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981). The Supreme Court has stressed that it is within the sound discretion of prison officials and administrators to determine the extent to which prisoners may confront and cross-examine witnesses during disciplinary hearings. *See, e.g., Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976). Prison officials are not required to state specific reasons for denying a prisoner's

request to call a particular witness. *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Smith*, 659 F.3d at 544.

The record evidence in this case shows that Garcia's written statement was read into the hearing record. DHR at 3; DHA. The DHO exercised his discretion to properly deny live testimony from a witness who had already provided a written statement, and he was not required to provide reasons for his denial of petitioner's request. The disciplinary record further shows that petitioner had been notified of his right to call witnesses prior to the hearing, but that he did not request Garcia's live testimony. Petitioner does not establish that he was in any way prejudiced by the denial of Garcia's live testimony, or that she would have testified favorably to his defense had she been present. Petitioner fails to establish that he was denied due process under *Wolff*.

Respondent is entitled to summary judgment dismissal of petitioner's due process claim.

## IV.  Ancillary Claims

Petitioner further claims that he was improperly placed in pre-hearing detention, denied a timely hearing, and placed in administrative segregation without being given a required physical examination. Petitioner argues that these actions violated prison rules and regulations.

As respondent correctly argues, these issues do not raise grounds for setting aside the disciplinary conviction, and are not cognizable federal habeas claims. Moreover, the factual

allegations underlying each issue are conclusory, speculative, and not supported in the record. Regardless, even if true, none of the issues stands as a violation of a protected liberty interest or constitutional right. Violations of prison rules or regulations, standing alone, do not raise issues of a federal constitutional dimension. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Respondent is entitled to summary judgment dismissal of these claims.

### V. Conclusion

The motion for summary judgment (Docket Entry No. 15) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on     **AUG 0 9 2016**                .

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE